STATE OF NORTH CAROLINA v. CHARLIE CLEMMONS

No. 7221SC709

(Filed 20 December 1972)

**Constitutional Law § 13; Municipal Corporations § 33— ordinance prohibiting open air meetings on public streets and sidewalks — constitutionality**

    Ordinance of the City of Winston-Salem prohibiting any person or group to conduct an open air public meeting on a public street, alley, sidewalk or mall without first obtaining a permit from the Board of Aldermen *is held* constitutional.

APPEAL by defendant from *Gambill, Judge,* 15 May 1972 Session of Superior Court held in FORSYTH County.

Defendant was convicted of conducting an open air meeting in violation of the following ordinance of the City of Winston-Salem:

"AN ORDINANCE PROMOTING THE FREE FLOW OF VEHICULAR AND PEDESTRIAN TRAFFIC UPON THE PUBLIC STREETS, SIDEWALKS, ALLEYS, AND MALLS IN THE CITY OF WINSTON-SALEM. D-17233 Ord. 3132 (Adopted Sept. 7, 1971).

    WHEREAS, the General Assembly of North Carolina has authorized cities to 'adopt such ordinances for the regulation and use of the streets, squares, and parks, and other public property belonging to the City, as it may deem best for the public welfare of the citizens of the City'; and

    WHEREAS, the Board of Aldermen of the City of Winston-Salem finds that the holding of open air public meetings by the delivery of sermons, lectures, addresses and discourses on the City streets, sidewalks, alleys and malls needs to be regulated in the interest of promoting the free flow of vehicular and pedestrian traffic, and in promoting the peace, good order and public welfare of the citizens of the City;

    Now, THEREFORE, BE IT ORDAINED by the Board of Aldermen of the City of Winston-Salem:

    SECTION 1. Chapter 19 of the Winston-Salem Code is hereby amended by adding at the end thereof a new section to read as follows:

"Sec. 19-62. Conducting Open Air Public Meetings on Public Streets, Alleys, Sidewalks and Malls.

(a) No person or group of persons shall hold an open air public meeting upon a public street, alley, sidewalk or mall unless a permit therefor shall first be obtained from the Board of Aldermen of the City of Winston-Salem. For purposes of this section, an open air public meeting is defined to include the delivery of a public address, lecture, sermon or discourse, or the conducting of a public musical or theatrical performance.

(b) Every permit issued under this section shall be in writing and shall specify the day and hour of such open air public meeting, and shall be limited to a specific occasion on a single day.

(c) Application shall be made to the Board of Aldermen in writing, using forms provided by the said Board, and shall be filed with the secretary to the Board. The Board shall act upon the application at the first meeting of the Board held more than two working days (exclusive of the Board meeting day) after the filing of the application. No permit shall be denied by the Board of Aldermen unless the Board finds that the proposed open air public meeting will conflict with one already scheduled, or that the proposed open air public meeting will seriously obstruct the free flow of vehicular or pedestrian traffic.

(d) A permit shall not be required to hold an open air public meeting on other public property of the City of Winston-Salem, where such open air public meetings does not encroach or go upon any City street, alley, sidewalk or mall, provided public property is not damaged thereby, ingress and egress to public buildings and other public areas is not obstructed, and the public business is not impeded.

(e) Any person who violates this ordinance shall be guilty of a misdemeanor punishable as prescribed by G.S. 14-4, on and after September 21, 1971.

SECTION 2. This ordinance shall become effective upon adoption."

Judgment was entered imposing a thirty day jail sentence, suspended for one year upon the condition that defendant not

violate any of the laws of the State of North Carolina, particularly the ordinances of the City of Winston-Salem and Forsyth County.

*Attorney General Robert Morgan by Parks H. Icenhour, Assistant Attorney General, and Edwin M. Speas, Jr., Associate Attorney, for the State.*

*Drum, Liner & Redden by Charles R. Redden for defendant appellant.*

VAUGHN, Judge.

The evidence of defendant's guilt was cogent. In fact, the evidence strongly suggests that defendant deliberately violated the ordinance in order to "test" the same. Defendant brings forward one exception to the charge of the court which is overruled. The remainder of defendant's brief is devoted to argument on the following assignments of error:

"1. The trial judge erred in failing to allow the defendant's motion to quash the warrant, which motion was based on the unconstitutionality of the ordinance under which the warrant was issued." and;

"3. The trial judge erred in failing to quash the warrant under which the defendant was charged in that the ordinance by the evidence presented is unconstitutional; is discriminatorily enforced; unconstitutionally vague; and in conflict with existing ordinances adopted by the City of Winston-Salem."

These assignments of error are overruled. We find no prejudicial error in the trial from which defendant appealed.

No error.

Judges HEDRICK and GRAHAM concur.